UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION
*Electronically Filed*

SKILL STATE LLC,                        )
                                        )
    Plaintiff                           )
                                        )
v.                                      )       Case No. 1:25-CV-02628-TWP-MG
                                        )
                                        )
INDIANA GAMING COMMISSION               )
and JOSEPH B. HOAGE,                    )
                                        )
    Defendants                          )

**CASE MANAGEMENT PLAN**

\*\*\*  \*\*\*  \*\*\*

## I.    <u>Parties and Representatives</u>

A.    SKILL STATE LLC – Plaintiff
INDIANA GAMING COMMISSION and JOSEPH B. HOAGE - Defendants

B.    C. Thomas Hectus
Indiana Bar #11846-10
6009 Brownsboro Park Blvd.
Suite G
Louisville, KY 40207
Telephone: (502) 345-5384
cthectus@hectuslawoffices.com
*Counsel for Skill State LLC*

Christopher A. McNally
Deputy Attorney General Attorney No. 39339-49
Office of the Attorney General
Indiana Government Center South, 5th Floor
302 West Washington Street Indianapolis, IN 46204-2770
Telephone: (317) 454-1432
Christopher.McNally@atg.in.gov
*Counsel for Defendants*

Colleen M. Dietz Deputy
Attorney General Attorney No. 39665-15
Office of the Attorney General
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN 46204-2770
Telephone: (317) 233-5652
Colleen.Dietz@atg.in.gov
***Counsel for Defendant***

## II.    Jurisdiction and Statement of Claims

A.    The basis for subject matter jurisdiction:
42 U.S.C. § 1983, 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

a.    Plaintiff's claims, including the legal theories and facts upon which the claims are based: Skill State claims that the seizure of its amusement devices violated its rights under the 4th, 5th, and 14th Amendments. Skill State maintains that, although the State of Indiana generally proscribes electronic gaming devices under IC 35-45-5-1, the Indiana Legislature has specifically excluded the operation of toy crane machines and "**any other device played for amusement**" from the definition of illegal electronic gaming devices. IC 35-45-5-1(b)(4). The Indiana Code permits these devices to be played for amusement and rewarded with a toy, a novelty, candy, or other noncash merchandise, or a ticket or coupon redeemable for such items, that have a wholesale value of not more than the lesser of ten (10) times the amount charged to play the amusement device one (1) time or twenty-five dollars ($25). § 35-45-5-1(b)(4).

b.    Statement of Defendants' Indiana Gaming Commission and Joseph B. Hoage:

The Amended Complaint alleges that Plaintiff's constitutional rights were violated after the "unlawful seizure of its amusement devices." Plaintiff asserts that its' machines are not electronic gambling devices and fall under an exception set forth in Indiana Code Section 35-45-5-1(b)(4). Defendants deny that any of their actions or omissions violated any of Plaintiff's rights. Defendants assert that Plaintiff's machines are illegal electronic gambling devices under Indiana Law, and Defendants had probable cause to take lawful possession and control of Plaintiff's machines. Defendants further assert that they took lawful possession and control of Plaintiff's machines after they were voluntarily surrendered. Defendants assert that any action taken was reasonable and necessary to enforce the laws of the State of Indiana.

### III.    Pretrial Pleadings and Disclosures

A.    Fed. R. Civ. P. 26 initial disclosures on or before June 1, 2026.

B.    Plaintiff shall file its preliminary witness and exhibit lists on or before June 5, 2026.

C.    Defendants shall file preliminary witness and exhibit lists on or before June 15, 2026.

D.    All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before August 2, 2026.

E.    Plaintiff  shall serve Defendants (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before August 2, 2026.  Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto within 30 days after receipt of the proposal.

F.    Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule:

Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before July 1, 2026.

Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before 30 days after Plaintiff serves its expert witness disclosure, or if Plaintiff has disclosed no experts, Defendants shall make its expert disclosure on or before August 1, 2026.

G.    Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline.  If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment.  The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines.  Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H.    Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before December 1, 2026.  Any party who wishes to

preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I.    All parties shall file and serve their final witness and exhibit lists on or before March 19, 2027. This list should reflect the specific potential witnesses the party may call at trial.  It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements.  The list of final witnesses shall include a brief synopsis of the expected testimony.

J.    Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.    Discovery of electronically stored information ("ESI").

Neither party is anticipating the production of a substantial production of ESI. The parties anticipate that the traditional production of paper discovery or electronic discovery via pdf files will be had in this case regarding communications, emails, and other documents related to the issues involved in the litigation. The parties agree that the production of documents and other materials will not include metadata, unless either party expressly requests that metadata be produced for any set of discovery materials.

Further, the parties agree that in the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

**IV.    <u>Discovery[1] and Dispositive Motions</u>**

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (specifically including motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue.  To this end, counsel must select the track set forth below that they believe best suits this case.  If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate.  If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

A.    Does any party believe that this case may be appropriate for summary judgment or other dispositive motion?  If yes, the party(ies) that expect to file such a motion must provide a brief statement of the factual and/or legal basis for such a motion.

Defendants, the Indiana Gaming Commission and Executive Director Joseph B. Hoage anticipate they will file a Motion for Summary Judgment against Plaintiff's claims in the Amended Complaint. Defendants did not violate, nor did they deprive any of Plaintiff's constitutional rights. Defendants were acting lawfully at all times relevant to the allegations set forth in the Amended Complaint. Defendants took lawful possession and control of Plaintiff's machines after they were voluntarily surrendered. Defendants also took lawful possession and control of Plaintiff's machines as they had probable cause because the machines are illegal electronic gambling devices under Indiana law. Plaintiff cannot show that its' rights under the First, Fourth, Fifth, and Fourteenth Amendments were violated. Plaintiff's claims are also barred in whole or in part by the doctrines of sovereign immunity under the eleventh amendment, qualified immunity, and statutory immunity.

B.    On or before January 8, 2027, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of

---

[1]  The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline.  Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same.  In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C.      Select the track that best suits this case:

____X____ Track 2: Dispositive motions are expected and shall be filed by February 1, 2027; non-expert witness discovery and discovery relating to liability issues shall be completed by January 1, 2027; expert witness discovery and discovery relating to damages shall be completed by January 1, 2027.  All remaining discovery shall be completed by no later than 16 months from Anchor Date.

Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.

## V.      Pre-Trial/Settlement Conferences

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time.  The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery.  **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement.  The parties recommend a settlement conference in November, 2026.**

## VI.      Trial Date

The parties request a trial date in mid-April, 2027.  The trial is by Court and is anticipated to take 3 days.  Counsel should indicate here the reasons that a shorter or longer track is appropriate.  While all dates herein must be initially scheduled to match the presumptive trial date, if the Court agrees that a different track is appropriate, the case management order approving the CMP plan will indicate the number of months by which all or certain deadlines will be extended to match the track approved by the Court.

## VII.      Referral to Magistrate Judge

A.      **Case**.  At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.  [This section should be marked in the affirmative only if all parties consent.  Do not indicate if some parties consent and some do not.  Indicating the parties' consent in this paragraph may result in this matter being referred to the currently assigned Magistrate Judge for all further

proceedings, including trial. It is not necessary to file a separate consent. Should this case be reassigned to another Magistrate Judge, any attorney or party of record may object within 30 days of such reassignment. If no objection is filed, the consent will remain in effect.]

B.    **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

## VIII.   Required Pre-Trial Preparation

A.    **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1.    File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

2.    Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3.    Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4.    A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

   a.    brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

   b.    if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the

portions of the deposition that will be played, designated specifically by counter-numbers.

5.   Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6.   Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B.   **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1.   Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2.   If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3.   File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4.   Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX.   Other Matters

To the extent a Protective Order is necessary, the parties will submit the Southern District Stipulated Protective Order.

/s/ C. Thomas Hectus
C. THOMAS HECTUS
Indiana Bar #11846-10
6009 Brownsboro Park Blvd.
Suite G
Louisville, KY 40207
cthectus@hectuslawoffices.com
Telephone: (502) 345-5384
**Counsel for Skill State LLC**

/s/ Christopher A. McNally
Christopher A. McNally
Attorney No. 39339-49
Deputy Attorney General
Office of Attorney General
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN 46204-2770
Telephone: (317) 454-1432
Christopher.McNally@atg.in.gov
**Counsel for Defendants**

Colleen M. Dietz
Deputy Attorney General
Attorney No. 39665-15
Office of Attorney General
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN 46204-2770
Telephone: (317) 233-5652 Email:
Colleen.Dietz@atg.in.gov
**Counsel for Defendants**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
| | APPROVED AS SUBMITTED. |
| | APPROVED AS AMENDED. |
| | A TELEPHONIC STATUS CONFERENCE IS SET IN THIS CASE FOR _____AT _____.M. BEFORE MAGISTRATE JUDGE _____. THE INFORMATION NEEDED TO PARTICIPATE IN THIS TELEPHONE CONFERENCE WILL BE PROVIDED BY A SEPARATE NOTIFICATION. |
| | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____AT _____.M.  COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, CALL-IN INFORMATION TO BE PROVIDED BY SEPRATE ORDER; OR<br><br>_____ BY VIDEO, LINK TO BE PROVIDED BY SEPARATE ORDER |
| | NON-EXPERT AND LIABILITY DISCOVERY SHALL BE COMPLETED BY _____ |
| | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN _____ |

Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**